IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION


FORREST LOUDIN, et al.,

                Plaintiffs,

v.                                CIVIL ACTION NO.   2:12-cv-02495

J. P. MORGAN TRUST COMPANY, N.A. et al.,

                Defendants.


MEMORANDUM OPINION AND ORDER


      Pending before the court is the plaintiffs' Motion to Remand Case to the Circuit Court of Clay County [Docket 6].   For the reasons discussed below, this Motion is **GRANTED**.

I.      **Background**

      During the summer of 1999, plaintiffs Forrest and Patricia Loudin met several times with employees of Freedom Homes, allegedly now known as CMH Homes, Inc. ("Freedom Homes"), to discuss financing for the purchase of real property, a mobile home, and furniture.   (Compl. ¶¶ 2, 7 [Docket 1-1], at 8).   After Freedom Homes approved the financing for the transaction, the plaintiffs paid $3,000 as a down payment in several installments, chose specific options for the interior of the mobile home, and were told that the home would be ready by Thanksgiving of that year.   (Compl. ¶¶ 8-10).

The plaintiffs allege that, among other problems, the home was not delivered to their property until February 2000, and the home was drastically different from the model that they ordered.   (Compl. ¶¶ 19-23).   The plaintiffs also claim that the defendants engaged in predatory lending practices.   (Compl. ¶ 1).   Specifically, they claim that defendant Wendy Sue Booth ("Booth"), who was not a licensed attorney, withheld information and made misleading statements about the financing while conducting the credit closing.   (Compl. ¶¶ 14-18).   The loan, on which plaintiffs owe approximately $62,000, was assigned to defendant J.P. Morgan Trust Company N.A. ("J.P. Morgan") and is serviced by defendant Vanderbilt Mortgage and Finance, Inc. ("Vanderbilt").   (Compl. ¶¶ 24-27).

In 2001, plaintiff Forrest Loudin filed for Chapter 7 bankruptcy, and the bankruptcy was discharged that same year.   (Bankr. Docket Report [Docket 12-7], at 1–2).   In 2008, plaintiff Patricia Loudin also filed a Chapter 7 bankruptcy proceeding, which was discharged before the end of that year as well.   (Bankr. Docket Report [Docket 12-2], at 1).   Both plaintiffs successfully petitioned to have their bankruptcies reopened in 2012 to allow for the prosecution of this civil action against the defendants.   (Mot. to Reopen [Docket 12-4]; Mot. to Reopen [Docket 12-8]).

## II.   Procedural History

The plaintiffs filed a complaint [Docket 1-1] on May 21, 2012 in the Circuit Court of Clay County, West Virginia against the seller of the mobile home (Freedom Homes), the loan closing agent (Booth), the loan holder (J.P. Morgan), and the loan servicing agent (Vanderbilt).   (Compl. ¶¶ 1-6).   The complaint alleges four state law grounds for relief:   (1) unconscionable inducement against all defendants, (2) unauthorized practice of law against Booth, (3) fraud against J.P.

Morgan and Vanderbilt, and (4) another allegation of fraud against J.P. Morgan and Vanderbilt. (Compl. ¶¶ 28-60).

Defendant Vanderbilt was served with the complaint on or about June 1, 2012, and removed the case to this court on June 29, 2012.   (Notice of Removal [Docket 1], at 3).

Plaintiffs now move for the action to be remanded to state court.   The issue has been fully briefed and is ripe for review.

## III.   Legal Analysis

### A. Bankruptcy Removal Statutes

Defendant Vanderbilt removed the case to this court pursuant to 28 U.S.C. § 1452(a), which states that "[a] party may remove any claim or cause of action in a civil action . . . to the district court for the district where such civil action is pending, if such district court has jurisdiction of such claim or cause of action under section 1334 of this title."   In turn, § 1334(b) gives the district court original but not exclusive jurisdiction over "all civil proceedings arising under title 11, or arising in or related to cases under title 11."

In other words, when taken together, § 1452(a) and § 1334(b) allow any claim to be removed from state court to the district court if it "aris[es] under title 11, or aris[es] in or [is] related to cases under title 11."   28 U.S.C. § 1334(b).   The initial question in this case is whether the plaintiffs' claims are "related to" bankruptcy proceedings under title 11.

The defendant argues that the action is related to the two bankruptcies reopened by the plaintiffs in 2012, and therefore the case was properly removed.   (Notice of Removal [Docket 1], at 4-5).   The plaintiffs do not challenge the assertion that the civil action is related to their Chapter 7 bankruptcies.   Indeed, the plaintiffs argue for mandatory abstention under 28 U.S.C.

§ 1334(c)(2), which requires a finding that the case is related to the bankruptcies, and state that their "claims are, at best, only 'related to' [their] bankruptcy petition[s]" as opposed to arising under title 11 or arising in a case under title 11.   (*See* Memo. Supp. Pl.'s Mot. to Remand [Docket 6], at 7-9).

The court agrees that the civil action is related to the plaintiffs' bankruptcies for the purposes of the removal statutes.   "[A]n action is related to bankruptcy if the outcome could alter the debtor's rights, liabilities, options or freedom of action (either positively or negatively) and [which] in any way impacts the handling and administration of the bankruptcy estate." *Valley Historic Ltd. P'ship v. Bank of N.Y.*, 486 F.3d 831, 836 (4th Cir. 2007) (quoting *In re Celotex Corp.*, 124 F.3d 619, 625 (4th Cir. 1997).   Although the plaintiffs' bankruptcies had been closed for years before being reopened, the outcome of this lawsuit would affect their rights and liabilities as debtors because the lawsuit is now included in the amended bankruptcy schedules as an asset. (Am. Bankr. Schedules [Docket 1-7]).   A larger recovery from defendants would increase the size of the plaintiffs' bankruptcy estates, and so this case is related to the plaintiffs' bankruptcy proceedings for the purposes of 28 U.S.C. § 1334.

### B. This Court Must Abstain from Hearing this Case

As explained above, normally, when a case is related to bankruptcy proceedings, 28 U.S.C. § 1334(b) gives the district court jurisdiction to hear the case.   However, the district court can only exercise that jurisdiction as long as the requirements for mandatory abstention in § 1334(c)(2) are not met.   *See Marshall v. Marshall*, 547 U.S. 293, 309 n.3 ("We note that the broad grant of jurisdiction conferred by § 1334(b) is subject to a mandatory abstention provision applicable to certain state-law claims.").   The mandatory abstention subsection states:

4

> Upon timely motion of a party in a proceeding based upon a State law claim or State law cause of action, related to a case under title 11 but not arising under title 11 or arising in a case under title 11, with respect to which an action could not have been commenced in a court of the United States absent jurisdiction under this section, the district court *shall abstain* from hearing such proceeding if an action is commenced, and can be timely adjudicated, in a State forum of appropriate jurisdiction.

28 U.S.C. § 1334(c)(2) (emphasis added).   Mandatory abstention under this section has many requirements, and they are all met here.   The defendant only contests the validity of one of the requirements of mandatory abstention—the requirement that the federal court have no other basis for jurisdiction other than § 1334—and so that will be addressed last.

### 1. Uncontested Requirements of Mandatory Abstention

First, the defendant does not argue and the court does not find that the motion for remand was untimely.   The case was removed on June 29, 2012, and the plaintiffs filed the motion for remand on July 6, 2012.   No significant activity could have or did occur in that time that would make remand prejudicial to the defendants.   This requirement of mandatory abstention is met.

Next, the plaintiffs' claims for relief are all based on state law, as discussed above and in the complaint.   This requirement for mandatory abstention is met.

The court has already established that this case fits the description given by the Fourth Circuit of cases that are "related to" title 11 bankruptcy proceedings.   However, the mandatory abstention statute also requires an explicit finding that that the claim does not arise under title 11 or arise in a case under title 11.   This district court has previously stated:

> [C]ivil proceedings arising under Title 11 include those created by Title 11 such as a claim for exemptions under § 522 or the exercise by the trustee of an avoiding power under § 544(b). Those arising in a case under Title 11 include administrative matters, allowance or disallowance of claims, determination of liens and other matters that take place as part of the administration of the bankruptcy estate.

5

*Barge v. W. S. Life Ins. Co.*, 307 B.R. 541, 544 (S.D. W. Va. 2004) (citing 1 COLLIER ON BANKRUPTCY ¶ 3.01(4)(b)(i), (iv) (15th ed. 2003)).   The plaintiffs' claims, to the extent they are recognized in law, are created by state law, not title 11, and do not arise as part of the bankruptcy administration.   The claims, therefore, do not arise under title 11 or in a case under title 11, and are merely related to a case under title 11.   This requirement of mandatory abstention is met.

Next, the action must have been commenced in a state court that can handle the matter in a timely fashion.   The plaintiffs first filed their claims in the Circuit Court of Clay County.   (Compl. [Docket 1-1]).   No party argues and the court does not find that the Circuit Court is unable to timely address the case.   This requirement of mandatory abstention is met.

### 2. There is No Independent Federal Jurisdiction

The final requirement for mandatory abstention, and the only one contested by the defendant, is that there is no other basis for federal subject matter jurisdiction outside of § 1334.

Here, neither federal question nor diversity jurisdiction exists.   The plaintiffs raise no claim arising from federal law and forfeit any relief obtained over $74,999.   (*See* Compl. ¶ 1; 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States"); 28 U.S.C. § 1332(a) ("The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between [diverse parties] . . . .)).

The defendant argues, however, that mandatory abstention does not apply because 28 U.S.C. § 1334(e)(1) gives the district court an independent basis for jurisdiction that makes it untrue to say that the "action could not have been commenced . . . absent jurisdiction under this section." 28 U.S.C. § 1334(c)(2).  The defendant further asserts that § 1334(e)(1) also makes jurisdiction *exclusive* in the district court.  (Notice of Removal [Docket 1], at 6-7; Def.'s Resp. Opp'n. Mot. to Remand [Docket 12], at 5-6).

Section 1334(e)(1) states: "The district court in which a case under title 11 is commenced or is pending shall have exclusive jurisdiction of all the property, wherever located, of the debtor as of the commencement of such case, and of property of the estate." The defendant's basic argument is that the subsection gives the district court exclusive jurisdiction because "Plaintiffs' claims directly concern the ownership of, and rights in and to [the property that Plaintiffs have identified] as assets of [their] bankruptcy estate[s]." (Notice of Removal [Docket 1], at 6).

The defendant, in construing § 1334(e)(1) in this way, has badly misinterpreted the statute.  First, § 1334(e)(1) cannot be an independent basis for federal jurisdiction that defeats mandatory abstention.  The mandatory abstention provision requires that the district court would not have jurisdiction "absent jurisdiction under *this* section." 28 U.S.C. § 1334(c)(2) (emphasis added).  References in other parts of § 1334 refer to themselves as "subsections" and to § 1334 as a whole as "this section."  For example, the first sentence of § 1334(a) begins: "Except as provided in subsection (b) of this section . . ."  The use of "this section" in § 1334(c)(2) clearly refers to § 1334 overall, and

therefore the exclusive jurisdiction sought by defendant in § 1334(e)(1) cannot qualify to defeat mandatory abstention.

Furthermore, § 1334(e)(1) was not intended to be a grant of jurisdiction that could negate mandatory abstention.   The mandatory abstention provision was enacted as part of the 1984 Bankruptcy Amendments because "Congress was concerned about the *constitutionality* of granting to the federal courts 'related to' jurisdiction in cases where no independent basis for federal jurisdiction existed."   *Williams v. Narick*, 177 W. Va. 11, 14 (1986) (emphasis original).   Mandatory abstention is meant for claims, like the plaintiffs', that are "related to" bankruptcy proceedings, while the exclusive jurisdiction granted by § 1334(e)(1) only operates when the case is "under title 11."   The two provisions are not meant to cover the same claims.   This case is not "under title 11" because the bankruptcy code does not create the plaintiffs' causes of action.   *See Barge*, 307 B.R. at 544. Therefore, the provisions of § 1334(e)(1) are inapplicable.

Next, the case the defendant cites in support of its argument actually goes against it. The defendant's Notice of Removal cites *In re CitX Corporation* to support its position that the statute gives the district court exclusive jurisdiction over any proceeding that puts the parties' rights in bankruptcy assets at stake.   However, the case states exactly the opposite—that 28 U.S.C. § 1334(e) gives the district court "exclusive control over *property* belonging to the debtor."   *In re CitX Corp.*, 302 B.R. 144, 161 n.10 (Bankr. E.D. Pa. 2003) (emphasis added).   This is in contrast to § 1334(b), which gives "original but not exclusive jurisdiction to the district court over all civil proceedings arising under title 11, or arising in or related to cases under title 11."   Thus, § 1334(e)(1) grants exclusive

jurisdiction over property in a case under title 11, but not "exclusive jurisdiction over adversary proceedings [that are not under title 11], and such matters may be heard in a non-bankruptcy forum."   *In re CitX Corp.*, 302 B.R. at 161 n.10 (citing *Quality Tooling, Inc. v. United States*, 47 F.3d 1569, 1573 (Fed.Cir. 1995)).

In other words, the exclusive jurisdiction granted by § 1334(e)(1) "is only *in rem*." *Id*.   "An action, *in personam*, that seeks to establish personal liability of the debtor on a claim, but which is not specifically targeted to ownership of, or rights in and to, property of the estate does not fall within [28 U.S.C. § 1334(e)]."   *In re AG Indus., Inc.*, 279 B.R. 534, 539 (Bankr. S.D. Ohio 2002) (citations and quotations omitted); *accord, e.g.*, *Bank United v. Manley*, 273 B.R. 229, 247-49 (N.D. Ala. 2001); *Landry v. Exxon Pipeline Co*., 260 B.R. 769, 781-82 (Bankr. M.D. La. 2001).   To put a finer point on the distinction, "unless an action involves the actual recovery of property of the estate, rather than reparations paid for damages suffered, the action may proceed in state court without offending the exclusivity provision."   *In re AG Indus., Inc.*, 279 B.R. at 539.   The plaintiffs' case is not a suit by a creditor seeking to recover property from a bankruptcy estate—instead, it's a suit by plaintiffs that happen to be debtors seeking damages on unrelated claims that would technically increase the size of their bankruptcy estates.   Thus, the exclusive jurisdiction granted by § 1334(e) does not apply to the plaintiffs' claims.

Finally, logical construction of § 1334 requires the court to find that defendant's interpretation is wrong.   If defendant's interpretation were correct, the district court would be the only court that could hear any case that has the possibility of affecting property interests in a bankruptcy estate (i.e., whenever a case was simply "related to" a bankruptcy

proceeding).   All of the other provisions of § 1334 that distinguish between claims arising under title 11, claims arising in cases under title 11, and claims that are related to title 11 cases would be meaningless.

For the above reasons, the court **FINDS** that this requirement, and all requirements of mandatory abstention, are met.   Therefore, the court cannot hear the case, and the court **GRANTS** the plaintiffs' motion to remand the case to the Circuit Court of Clay County.

### C. District Court Exercises Discretion to Abstain

Although mandatory abstention under 28 U.S.C. § 1334(c)(2) applies to this case, the court also finds that, even if mandatory abstention did not apply, the court would exercise its option to permissively abstain from hearing the case under 28 U.S.C. § 1334(c)(1).

Section 1334(c)(1) states that "nothing in this section prevents a district court in the interest of justice, or in the interest of comity with State courts or respect for State law, from abstaining from hearing a particular proceeding arising under title 11 or arising in or related to a case under title 11."   Therefore, although § 1334(b) grants the district court the jurisdiction to hear cases related to bankruptcy proceedings that do not qualify for mandatory abstention, § 1334(c)(1) gives the district court the option to decline to exercise that jurisdiction.   This court has previously identified twelve factors to determine when the interests of justice lean toward permissive abstention:

> (1) the effect or lack thereof on the efficient administration of the estate if a Court recommends abstention, (2) the extent to which state law issues predominate over bankruptcy issues, (3) the difficulty or unsettled nature of the applicable law, (4) the presence of a related proceeding commenced in state court or other bankruptcy court, (5) the jurisdictional basis, if any, other 28 U.S.C. § 1334, (6) the degree of relatedness or remoteness of the proceeding to the main bankruptcy case, (7) the substance rather than form of an asserted "core" proceeding, (8) the feasibility of severing state law claims from core bankruptcy

10

matters to allow judgments to be entered in state court with enforcement left to the bankruptcy court, (9) the burden of [the bankruptcy court's] docket, (10) the likelihood that the commencement of the proceeding in bankruptcy court involves forum shopping by one of the parties, (11) the existence of a right to a jury trial, and (12) the presence in the proceeding of nondebtor parties.

*Barge v. W. S. Life Ins. Co.*, 307 B.R. 541, 547 (S.D. W. Va. 2004).   A brief analysis of the applicable factors shows that the court would be justified in abstaining under § 1334(c)(1).

First, there is no reason to think that abstention and remand to state court would affect the efficiency with which the claim is handled.   Second, the claims only depend on state law, and present no bankruptcy issues whatsoever.   Third, the claims appear to be straightforward contract claims, not complex to the point of requiring interpretation by a federal court.   The fifth factor leans heavily in favor of abstention because there is no other basis for jurisdiction in the district court, as discussed above.   Sixth, the proceeding is extremely remote in time from the federal bankruptcy proceedings.   The seventh and eighth factors are inapplicable because this is not a core proceeding. *See Barge*, 307 B.R. at 544 ("Proceedings arising under Title 11 or arising in a case under Title 11 fall generally into the category known as core proceedings . . . .").   Finally, under factor eleven, the plaintiffs requested a jury trial, counseling in favor of abstention and remand.

The court **FINDS** that the twelve factors for permissive abstention weigh overwhelmingly in favor of abstention, and therefore **GRANTS** the plaintiffs' motion to remand to the Circuit Court of Clay County.

### D. Fees and Costs

Lastly, the plaintiffs have requested reimbursement for the fees and costs incurred as a result of defendant's removal.   (Memo. Supp. Pl.'s Mot. to Remand [Docket 7], at 11).   28

U.S.C. § 1447(c) provides the court with discretion to order reimbursement of fees and costs after a case is removed and then remanded.   The Supreme Court of the United States held that "courts may award attorney's fees under § 1447(c) only where a party lacked an objectively reasonable basis for seeking removal."   *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005).

Although federal court is thought of as a natural forum for cases related to bankruptcy proceedings, the defendant correctly argued 28 U.S.C. § 1334 as the only grounds for removing the case to the district court.   Because the defendant acknowledged every subsection of § 1334 in its Notice of Removal other than § 1334(c), the abstention subsections, it is clear that the defendant was aware of the abstention subsections.   If mandatory abstention under § 1334(c)(2) did not exist, it would be objectively reasonable to remove any case related to title 11 proceedings, because then it would be up to the district court's discretion whether to exercise the jurisdiction granted or to permissively abstain from hearing the case.

However, mandatory abstention does exist, and the requirements are clear and uncomplicated.   The only argument the defendant gave for why mandatory abstention does not apply was that the district court had exclusive jurisdiction under § 1334(e)(1).   That argument was unreasonable based on the language of the statute and the authority cited, and therefore the court **FINDS** that there was no objectively reasonable basis to believe that § 1334(c)(2) did not prevent the district court from hearing this case upon removal, and **GRANTS** plaintiffs' request for costs and fees.

The court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.   The court further **DIRECTS** the Clerk to post a copy of this published opinion on the court's website, www.wvsd.uscourts.gov.

ENTER:        September 5, 2012

Joseph R. Goodwin, Chief Judge